UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTA CASILLAS, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT, KATHRYN SINGER, LORI DESIDERATO, MOLLIE LYMAN, DOC HARRIS and DOES I THROUGH X, <br><br> Defendants. | 2:12-cv-1769-RCJ-NJK <br><br> ORDER |

Currently before the Court is Defendants' Motion to Dismiss (#6).

## BACKGROUND

On October 9, 2012, Plaintiff Christa Casillas filed a complaint in this Court against Defendants Clark County School District ("CCSD"), Kathryn Singer, Lori Desiderato, Mollie Lyman, and Doc Harris (collectively "Defendants"). (Compl. (#1) at 1). Plaintiff alleged the following facts. (*Id.* at 2). Plaintiff was a licensed teacher employed by CCSD at Cadwallader Middle School. (*Id.*). Singer, Desiderato, Lyman, and Harris were administrators and/or support staff employees employed by CCSD and had acted under color of law pursuant to CCSD customs, policies, and procedures. (*Id.*).

The complaint alleged the following. (*Id.*). On October 7, 2010, while at work, Plaintiff was called to the main office by the assistant principal, Dr. Mathews. (*Id.*). When Plaintiff arrived at the main office, Defendant Singer handed Casillas a letter from Defendant Harris, the assistant director of employee-management relations. (*Id.*). The letter ordered Plaintiff to undergo an "examination" by an outside entity, Consolidated Laboratories. (*Id.*). The letter

ordered Plaintiff to undergo a drug test pursuant to CCSD Regulation 4230 and 4231. (*Id.*). Regulation 4230 required a CCSD employee to undergo a medical examination "by a physician of the district's choice at any time deemed necessary." (*Id.*). Regulation 4231 required CCSD employees in "safety-sensitive positions" to submit to testing for controlled substances and misuse of alcohol. (*Id.*). Plaintiff was not in a "safety-sensitive" position, did not exhibit any behavior indicating that she was under the influence of drugs or alcohol which would give Defendants reasonable suspicion to order a drug test, nor was she examined by a physician to determine whether a drug test was appropriate. (*Id.* at 2-3). Neither regulation supported the order to have Plaintiff drug tested. (*Id.* at 3).

The complaint alleged the following. (*Id.*). Plaintiff asked if she could have a union representative present or to make a phone call to verify the legitimacy of what she was being asked to do. (*Id.*). Defendant Singer denied Plaintiff's requests. (*Id.*). When Plaintiff told Singer that she wanted to leave, Singer blocked the door and told her staff to call the school police to prevent Plaintiff from leaving. (*Id.*). Singer told Plaintiff that she "had no choice" but to submit to the drug test. (*Id.*). Plaintiff felt threatened by Singer's action and remained in the room and "ultimately submitted to the drug test administered by Consolidate Laboratories." (*Id.*). The drug test was an unreasonable search and seizure. (*Id.*). Plaintiff tested positive for marijuana and was terminated. (*Id.*). She appealed the termination through the union contract arbitration process and the arbitrator ordered that she be reinstated. (*Id.*). The arbitrator indicated that CCSD was entitled to order Plaintiff to submit herself to random drug testing once she was reinstated. (*Id.*).

The complaint alleged the following. (*Id.*). In May 2011, Plaintiff returned to work. (*Id.*). During the next 11 months, Plaintiff was subjected to eight random drug tests which she passed. (*Id.*). She was also subjected to two "Fitness for Duty" drug tests which she passed. (*Id.*). The Fitness for Duty drug tests were administered on December 8, 2011, and January 3, 2012. (*Id.* at 4). Defendant Desiderato, Plaintiff's principal, had ordered Plaintiff to take those tests. (*Id.*). Desiderato had acted under the direction of Defendant Lyman. (*Id.*). The letters advising Plaintiff of her obligation to take those tests were signed by Lyman and

referenced Regulations 4230 and 4231. (*Id.*). Those were inappropriate tests for Plaintiff to take because Defendants had no reasonable suspicion that she was under the influence of any drug or alcohol nor was she employed in a safety sensitive position. (*Id.*). The hair test given to Plaintiff on January 3, 2012 did not identify whether she was under the influence of drugs or alcohol on that date and no doctor had examined Plaintiff prior to the mandated drug testing. (*Id.*). Desiderato and Lyman had violated Plaintiff's Fourth Amendment protection against unreasonable searches and seizures and her right to privacy by requiring her to undergo the Fitness for Duty drug tests on December 8, 2011 and January 3, 2012. (*Id.*).

Plaintiff alleged three causes of action. (*Id.* at 1, 5). In the first cause of action, Plaintiff alleged unreasonable search and seizure in violation of the Fourth Amendment based on 42 U.S.C. § 1983. (*Id.* at 1). Plaintiff alleged that the drug tests given on October 7, 2010, December 8, 2011, and January 3, 2012, were unreasonable searches and seizures. (*Id.* at 2-4). In the second cause of action, Plaintiff alleged invasion of privacy. (*Id.* at 5). In the third cause of action, Plaintiff alleged false imprisonment because Singer's actions of blocking the door and calling the school police prevented Plaintiff from leaving Singer's office. (*Id.*). Plaintiff sought prospective injunctive relief ordering CCSD to change its drug testing regulations, policies, and procedures to conform with constitutional mandates; compensatory damages in the amount of $100,000; punitive damages; and attorneys' fees and costs. (*Id.* at 5-6).

Plaintiff attached three exhibits to her complaint. (*Id.* at 7-12). Exhibit 1 was a copy of the hand delivered October 7, 2010 letter addressed to Plaintiff. (Exhibit 1 (#1) at 8). This letter, signed by Doc Harris, Assistant Director Employee-Management Relations, stated the following:

> Clark County School District Regulations 4230 and 4231 provide that the district may require any employee to have a medical examination by a physician of the district's choice at any time deemed necessary. The examination(s) and any subsequent referral, by the district, are provided at the expense of the Clark County School District.
>
> Consistent with this regulation, you are directed to comply with the requirements for an examination by Consolidated Laboratories.

3

> The purpose of this examination, and any other the district or its physicians may deem necessary, is to assess your current fitness for duty. This independent medical examination does not include recommended treatment although the doctor may make recommendations to you.
>
> Should you fail to report for this required medical examination, and others deemed appropriate by the district, you may be subject to disciplinary action including possible suspension, demotion, or dismissal.

(*Id.*). Exhibit 2 was a copy of the hand delivered December 8, 2011 letter addressed to Plaintiff. (Exhibit 2 (#1) at 10). The content of the letter was the same as Exhibit 1 but was signed by Mollie Lyman, Assistant Director Employee-Management Relations. (*Id.*). Exhibit 3 was a copy of the hand delivered January 3, 2012 letter addressed to Plaintiff. (Exhibit 3 (#1) at 12). The content of the letter was the same as the other letters and was signed by Mollie Lyman. (*Id.*).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Durning*, 815 F.2d at 1267.

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

4

249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or on qualified immunity. (Mot. to Dismiss (#6) at 1). Defendants assert that Plaintiff's first drug test on October 7, 2010, occurred after CCSD had learned that Plaintiff had been arrested on October 5, 2010, for driving under the influence with accident,

5

possession of marijuana, and possession of drug paraphernalia. (*Id.* at 4). Defendants assert that, after CCSD dismissed her for testing positive, Plaintiff contested her dismissal through the collective bargaining agreement and an arbitrator reinstated her "subject to drug testing without forewarning at the discretion of the District for a period of two years from the date of reinstatement." (*Id.* at 4-5). Defendants argue that Plaintiff's state law claims for invasion of privacy and false imprisonment fail as a matter of law. (*Id.* at 5). Defendants assert that Plaintiff's state law claims are barred because she failed to file a timely notice of claim with CCSD pursuant to NRS § 41.036(2). (*Id.* at 5-6). Defendants contend that Plaintiff's tort claims accrued on October 7, 2010, the date of the initial drug test, and that she had to file her claims by October 7, 2012. (*Id.* at 6). Defendants also assert that Plaintiff's invasion of privacy claim does not allege any facts as to what type of invasion of privacy claim she is alleging. (*Id.* at 7). Defendants assert that the false imprisonment claim fails because there was no use of probable imminence or force. (*Id.*). Defendants argue that Plaintiff's constitutional claim fails as a matter of law because reasonable suspicion existed for her October 2010 drug test based on her recent drug arrest. (*Id.* at 8). Defendants assert that, with respect to the other drug tests, Plaintiff agreed to enter into a last chance agreement and submit to drug testing and, thus, there was no Fourth Amendment violation. (*Id.* at 9-10). Defendants also assert that qualified immunity applies to the individual defendants. (*Id.* at 11).

In support of their motion to dismiss, Defendants attach a copy of the Clark County Detention Center's Inmate In-Custody Status[1] report for Plaintiff, printed out on October 5, 2010. (Inmate In-Custody Report (#6-1) at 2). The report stated that Plaintiff had been arrested on October 5, 2010 for driving under the influence with accident, unsafe lane change–turning movement, wrong way on divided highway, hit and run property damage only, hit and run unattended vehicle, failure to report accident to police, no drivers license in possession, possession of 1 oz or less of marijuana, and unlawful possession of drug paraphernalia. (*Id.* at 2-3).

---

[1] Defendants seek to have this exhibit considered on a motion to dismiss pursuant to the matters of public record exception. (*See* Mot. to Dismiss (#6) at 4).

6

Defendants also attach a copy of the arbitration opinion and award.[2] (Arbitration Op. (#6-1) at 5). The arbitration opinion stated the following. (*Id.* at 6). The arbitration arose between a collective bargaining agreement between CCSD and the Clark County Education Association. (*Id.*). Plaintiff was represented by her personal attorney[3] and the Association did not participate in the proceedings. (*Id.*). "Under the collective bargaining agreement the award of the arbitrator [was] final and binding upon the parties." (*Id.*). At the hearing held in March 2011, the parties were afforded a full opportunity for examination and cross-examination of witnesses, introduction of relevant exhibits, and argument. (*Id.*). The issue at arbitration was whether CCSD had just cause pursuant to the negotiated agreement and NRS § 391 to dismiss Plaintiff based on a positive blood test for marijuana and, if not, what was the appropriate remedy? (*Id.*).

The arbitrator found the following. (*Id.* at 9). On October 5, 2010, CCSD learned from a Las Vegas police officer that Plaintiff had been arrested the night before for driving under the influence of alcohol and possession of marijuana. (*Id.*). Plaintiff did not report to work on October 5th or 6th. (*Id.*). When she returned to work on October 7th, she was required to take a drug test. (*Id.*). "Based on the information provided by the police officer, this test was supported by reasonable suspicion." (*Id.*). Plaintiff tested positive for marijuana metabolites. (*Id.*). Defendant Singer had stated that nothing in Plaintiff's behavior or appearance suggested that Plaintiff was under the influence of marijuana and that Plaintiff had been terminated solely for the positive drug test. (*Id.*).

The arbitrator found the following. (*Id.* at 11). There was no allegation that Plaintiff was under the influence of marijuana while on duty or that she had committed any other offense while on duty. (*Id.*). "A positive test result for marijuana [did] not establish that the person was under the influence of the drug when tested; the currently available tests [were] able to detect

---

[2] Defendants seek to have this exhibit considered on a motion to dismiss based on the fact that Plaintiff specifically referenced the arbitration award in paragraph 6 of her complaint. (Mot. to Dismiss (#6) at 5).

[3] Plaintiff's current attorney represented her during arbitration. (*See* Arbitration Op. (#6-1) at 5).

7

only the presence of marijuana metabolites showing past use." (*Id.*). The arbitrator concurred with Plaintiff's counsel that termination of a good employee with an otherwise unblemished record for a first offense of off-duty marijuana use which had no impact on her work performance was too severe a penalty. (*Id.* at 13). Plaintiff's counsel "suggested reinstatement with conditions, such as a 'last chance' agreement and random drug testing." (*Id.*).

> The arbitrator issued the following award:
>
> [CCSD] did not have just cause to terminate [Plaintiff]. The dismissal [was] converted to a 10-day disciplinary suspension without pay. [Plaintiff] shall be reinstated on a "last chance" basis, and shall be made whole for loss of wages and benefits except for the period of her suspension. [Plaintiff] shall be subject to termination for any future violation of [CCSD's] illegal drug policy, and shall be subject to drug testing without forewarning at the discretion of [CCSD] for a period of two years from the date of her reinstatement.

(*Id.*).

In response, Plaintiff asserts that the motion to dismiss should be converted into a motion for summary judgment and that she should be given more time for discovery to respond to the issues raised by Defendants. (Opp'n to Mot. to Dismiss (#13) at 1). Plaintiff states that she does not oppose Defendants' exhibits but questions their use in a motion to dismiss. (*Id.* at 2). Plaintiff argues that the three fitness for duty drug tests were not random but rather based on someone's observations that Plaintiff was working under the influence of drugs or alcohol. (*Id.*). Plaintiff states that she voluntarily took eight random drug tests without questions, but that the two fitness for duty tests were not random. (*Id.* at 7). Plaintiff admits that she was arrested on October 5, 2010, but questions how that arrest could justify a reasonable suspicion drug test two days later. (*Id.* at 2). Plaintiff argues that the arbitrator's findings of fact and law are not admissible in a motion to dismiss. (*Id.* at 3). Plaintiff argues that NRS § 41.036(2) does not bar a lawsuit against individual defendants in their personal capacities. (*Id.* at 5). Plaintiff argues that she sufficiently states a claim for invasion of privacy and false imprisonment. (*Id.* at 5-6). Plaintiff argues that qualified immunity does not apply because it is well-settled that drug tests constitute searches that come within the ambit of the Fourth Amendment. (*Id.* at 8).

8

In reply, Defendants assert that collateral estoppel can be applied to an arbitration award. (Reply to Mot. to Dismiss (#15) at 5). Defendants assert that, during arbitration, Plaintiff argued that there was not a legitimate basis for her October 2010 drug test and that the arbitrator decided that reasonable suspicion did exist. (*Id.* at 6).

I. **Defendants' Exhibits**

As an initial matter, the Court notes that Plaintiff does not oppose Defendants' exhibits and does not question their authenticity. The Court finds that it may consider Defendants' exhibits on this motion to dismiss without converting the motion into one for summary judgment. First, the Court takes judicial notice of the Clark County Detention Center's Inmate In-Custody Status report and the fact that Plaintiff had been arrested on October 5, 2010 for the various charges listed. *See* Fed. R. Evid. 201(b)(2) (stating that a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned); *see also Shwarz*, 234 F.3d at 435 (holding that the court need not accept as true allegations that contradict facts that may be judicially noticed by the court). Second, the Court finds that the complaint references the arbitrator's award and, thus, the Court may consider it on a motion to dismiss. *See Schwarz*, 234 F.3d at 435 (holding that a court may consider documents referred to in the complaint in a Rule 12(b)(6) motion).

II. **Unreasonable Search and Seizure Claim**

A. **October 2010 Drug Test**

As an initial matter, an arbitration decision can have res judicata or collateral estoppel effect. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992). "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Id.* at 1320.

In applying res judicata and collateral estoppel to an arbitration proceeding, the court makes an examination of the record, if one exists, including any findings of the arbitrators. *Id.*

at 1321. The court "must decide whether a rational factfinder could have reached a conclusion based upon an issue other than that which the defendant seeks to foreclose." *Id*. "When the issue for which preclusion is sought is the only rational one the factfinder could have found, then that issue is considered foreclosed, even if no explicit finding of that issue has been made." *Id*. "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Id*.

In this case, the arbitration opinion and award clearly states what issues and arguments were before the arbitrator. (*See* Arbitration Op. (#6-1) at 5-13). The arbitration opinion states that the position of CCSD during arbitration was that it had "reasonable suspicion to conduct a drug test, based on the criminal charges filed against [Plaintiff] for possession of marijuana and drug paraphernalia." (*Id*. at 8). The arbitration opinion states that Plaintiff's position was that CCSD "had no legitimate grounds to conduct a drug test. The test results were obtained under coercion and should [have been] thrown out. [Plaintiff] was denied the right to confer with a legal or union representative. [CCSD's] conduct was unprofessional and perhaps unconstitutional." (*Id*. at 9). The arbitrator explicitly found that on October 5, 2010, CCSD had learned from a Las Vegas police officer that Plaintiff had been arrested the night before for driving under the influence of alcohol and possession of marijuana. (*Id*.). The arbitrator also found that Plaintiff did not report to work on October 5th or 6th and that when she came in on October 7th, she was required to submit to a drug test. (*Id*.). The arbitrator explicitly found that "[b]ased on the information provided by the police officer, this test was supported by reasonable suspicion." (*Id*.).

The Court finds that collateral estoppel applies to the issue of whether CCSD had reasonable suspicion to administer a drug test to Plaintiff on October 7, 2010. The Court finds that the arbitrator explicitly addressed this issue during arbitration and the parties provided argument on the issue. Additionally, a "reasonable suspicion exists when the person responsible for the search is aware of specific articulable facts, and inferences from those facts, which reasonably warrant a suspicion that evidence will be uncovered." *Doe v. Balaam*, 524 F.Supp.2d 1238, 1242 (D. Nev. 2007). The Court finds that a rational factfinder could only

have found that reasonable suspicion existed to drug test Plaintiff when she returned to work on October 7th because CCSD had been informed by the police about Plaintiff's October 5th marijuana arrest. The Court notes that Plaintiff did not come to work on October 5th or October 6th and that CCSD drug tested Plaintiff as soon as she returned to work on October 7th. The Court finds that reasonable suspicion existed on October 7th to test Plaintiff and dismisses Plaintiff's unreasonable search and seizure claim as to the October 7th drug test.

### B.     December 2011 and January 2012 Drug Tests

The Court also dismisses Plaintiff's Fourth Amendment challenge to the December 2011 and January 2012 drug tests. Plaintiff acknowledges that, pursuant to her last chance agreement, she was required to undergo "drug testing without forewarning at the discretion of the District for a period of two years from the date of her reinstatement." (*See* Arbitration Op. (#6-1) at 13). The Court notes that Plaintiff does not challenge the constitutionality of the last chance agreement or its requirement that she undergo drug testing for two years. Instead, Plaintiff asserts that she voluntarily took eight random drug tests without question but argues that the December 2011 and January 2012 drug tests were not random. (*See* Opp'n to Mot. to Dismiss (#13) at 7). The Court finds that Plaintiff's distinction between the alleged random and not random drug testing is insignificant in terms of the last chance agreement. Plaintiff's last chance agreement says Plaintiff will be subject to "drug testing without forewarning at the discretion of the District." (*See* Arbitration Op. (#6-1) at 13). The Court does not find the distinction relevant that in two instances CCSD decided to give Plaintiff forewarning by handing her a letter informing her that she would be drug tested that day. The Court finds that the two drug testing dates at issue are within the scope of the last chance agreement. As such, the Court dismisses Plaintiff's first cause of action with prejudice.

### III.    State Law Claims

#### A.     NRS § 41.036

Pursuant to NRS § 386.010, CCSD is a political subdivision of the State of Nevada. Nev. Rev. Stat. § 386.010(2). Pursuant to NRS § 41.031, the State of Nevada and its political subdivisions have waived sovereign immunity under certain conditions. Nev. Rev. Stat.

§ 41.031(1). To pursue a claim arising out of a tort against a political subdivision, a plaintiff "must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." Nev. Rev. Stat. § 41.036(2). Under Nevada law, statutes setting forth explicit time restrictions are generally construed as mandatory, and substantial compliance will not suffice, particularly where the statute does not include a built-in grace period or safety valve provision. *See Leven v. Frey*, 168 P.3d 712, 717-18 (Nev. 2007); *Village League to Save Incline Assets, Inc. v. State ex rel. Bd. of Equalization*, 194 P.3d 1254, 1259-60 (Nev. 2008).

In this case, Plaintiff's state law claims for invasion of privacy and false imprisonment accrued on October 7, 2010, the date of the initial drug test. Per the statute, Plaintiff had to file her claim within two years of that date, or October 7, 2012. Plaintiff did not file her complaint until October 9, 2012. As such, the Court dismisses the second and third causes of action against CCSD and individual defendants in their official capacities for failure to comply with the filing deadlines found in NRS § 41.036(2). *See Zaic v. Las Vegas Metro. Police Dept.*, 2:10-CV-01814-PMP, 2011 WL 884335, *5 (D. Nev. Mar. 11, 2011) (unpublished) (finding that a plaintiff's failure to meet the explicit two-year period set forth in NRS § 41.036(2) was not cured by resort to substantial compliance by serving the complaint a month after the two-year period expired).

### B. Invasion of Privacy Claim

The Court finds that Plaintiff fails to state a cause of action for invasion of privacy against the individual defendants in their personal capacities. There are four types of invasion of privacy claims: "(1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the name or likeness of another; (3) unreasonable publicity given to private facts; and (4) publicity unreasonably placing another in a false light before the public." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1278 (Nev. 1995). Plaintiff's complaint fails to indicate which privacy claim she is alleging. However, assuming Plaintiff is alleging intrusion, Plaintiff must prove (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable

person. *Id.* at 1279. The Court finds that Plaintiff's claim for intrusion fails because, as discussed above, the challenged drug tests were either supported by reasonable suspicion or permitted by her last chance agreement. As such, the Court dismisses Plaintiff's second cause of action for invasion of privacy against the individual defendants in their personal capacities.

### C. False Imprisonment Claim

In Nevada, a person is liable for the tort of false imprisonment "if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981). In this case, Plaintiff alleges that she was "harmed as a direct result of said acts." (*See* Compl. (#1) at 5). The Court dismisses this cause of action because, based on the complaint, Plaintiff's alleged harm was being subjected to an unconstitutional drug test on October 7th. As discussed above, the October 7th drug test was supported by reasonable suspicion. As such, the Court dismisses the false imprisonment claim against Singer in her personal capacity with prejudice.

Accordingly, the Court grants the motion to dismiss the complaint (#6) in its entirety without leave to amend.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (#6) is GRANTED in its entirety without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 17th day of May, 2013.

_____
United States District Judge

13